Filed 4/8/25  P. v. Terrell CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B337267 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA037516) |
| v. | |
| DAMON TERRELL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Christopher J. Frisco, Judge.  Dismissed.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, and Sophia A. Lecky, Deputy Attorney General, for Plaintiff and Respondent.

_____

In 1999 a jury convicted Damon Terrell on four counts of robbery and found true for each conviction he personally used a firearm, within the meaning of Penal Code section 12022.53, subdivision (b).[1]  In a bifurcated proceeding the trial court found true allegations that Terrell had prior convictions for serious or violent felonies, within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and serious felonies, within the meaning of section 667, subdivision (a).  The trial court also found Terrell had served a prior prison term, within the meaning of section 667.5, former subdivision (b).

On one of the four robbery convictions, the trial court sentenced Terrell as a third strike offender to a prison term of 25 years to life, plus 10 years for the firearm enhancement and five years for the enhancement under section 667, subdivision (a), for an aggregate term of 40 years to life.  The court imposed and stayed (under section 654) execution of a one-year enhancement under section 667.5, former subdivision (b).  Of particular relevance to this appeal, although the minute order states the court imposed the enhancement under section 667.5, former subdivision (b), the abstract of judgment does not.  The court also imposed identical, concurrent terms on the other three robbery convictions.

In February 2024 Terrell filed a petition under the predecessor to section 1172.75 to strike his one-year enhancement under section 667.5, former subdivision (b).  The superior court, among other rulings, denied the petition.  The court ruled that, though section 1172.75 "provides relief, with limited exception, for prison inmates who were sentenced to a one

---

[1]     Statutory references are to the Penal Code.

year prior pursuant to" section 667.5 former subdivision (b), Terrell "was not sentenced in this case" under that statute, and was "therefore not entitled to relief." Terrell timely appealed.

The superior court was right to deny Terrell's petition under section 1172.75, but not because the trial court did not impose an enhancement under section 667.5, former subdivision (b). The trial court did impose that enhancement (although the court stayed execution of it). The superior court correctly denied Terrell's petition because the court did not have jurisdiction to rule on it. The Legislature did not authorize defendants to file a petition under section 1172.75; only the California Department of Corrections and Rehabilitation (CDCR) can initiate that resentencing process.

Effective January 1, 2022, Senate Bill No. 483 (Stats. 2021, ch. 728, § 3) added section 1171.1, later renumbered as section 1172.75, which provides: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1172.75, subd. (a); see *People v. Garcia* (2024) 101 Cal.App.5th 848, 854.) Section 1172.75 prescribes the procedure for resentencing affected defendants. The CDCR and the county correctional administrator must first identify individuals serving terms that include no-longer-valid enhancements and then provide certain information about those individuals "to the sentencing court that imposed the enhancement." (§ 1172.75, subd. (b); see *People v. Newell* (2023) 93 Cal.App.5th 265, 268.) "Upon receiving the information," the superior court, if it determines a judgment includes an invalid enhancement, must "recall the sentence and resentence the

defendant." (§ 1172.75, subd. (c).) Section 1172.75 prescribed two timelines for this process. For "individuals who have served their base term and any other enhancements and are currently serving a sentence based on the [now-invalid] enhancement," the deadline for review and resentencing was October 1, 2022. (§ 1172.75, subd. (c)(1).) For individuals like Terrell, who are not serving time on an invalid enhancement, the deadline was December 31, 2023. (§ 1172.75, subd. (c)(2).)

Under the "express procedure" provided in section 1172.75, "any review and verification by the court in advance of resentencing is only triggered by receipt of the necessary information from the CDCR Secretary or a county correctional administrator, not by any individual defendant." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 384; see *People v. Gray* (2024) 101 Cal.App.5th 148, 165 ["'section 1172.75 does not authorize a defendant to seek resentencing on his or her own motion or petition'"; rather, "'the process is triggered by [the CDCR or county custodian] identifying a defendant as a person serving a sentence that includes a prior prison term enhancement'"].) "Section 1172.75 contains no provision for an individual defendant to file" a petition for resentencing under the statute. (*People v. Newell, supra*, 93 Cal.App.5th at p. 268; see *People v. Gonzalez* (2024) 107 Cal.App.5th 312, 323, fn. 12 [section 1172.75 does not authorize a defendant to initiate a petition for resentencing]; *People v. Escobedo* (2023) 95 Cal.App.5th 440, 447 ["section 1172.75 does not authorize appellants to file a petition or a motion to strike the unauthorized enhancements"]; *Burgess*, at p. 384 ["section 1172.75 simply does not contemplate resentencing relief initiated by any individual defendant's petition or motion"].)

Because Terrell did not have authority to file a petition under section 1172.75, the superior court lacked jurisdiction to hear his petition and resentence him. (See *People v. King* (2022) 77 Cal.App.5th 629, 634 ["'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence'"]; see also *People v. Burgess*, *supra*, 86 Cal.App.5th at p. 381 [same].) "And, '[i]f the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed.'" (*King*, at p. 634; accord, *People v. Newell*, *supra*, 93 Cal.App.5th at pp. 268-269; *Burgess*, at p. 381.)

Terrell acknowledges "there is no evidence indicating that the CDCR informed the court that [he] was a person in CDCR custody currently serving a term for a judgment that includes an enhancement described in section 667.5, subdivision (a)." Terrell explains, however, that "is probably because the abstract of judgment erroneously does not show that the enhancement was imposed and stayed." Terrell's explanation may well be correct. After all, because the abstract of judgment does not include the one-year enhancement, the CDCR may not know the trial court imposed it. But the solution to that problem is to correct the abstract of judgment, so that the CDCR will be able to identify Terrell as an individual serving a prison term that includes a no-longer-valid enhancement and provide that information to the court. The solution is not to allow Terrell to file a petition he is not statutorily authorized to file or to create jurisdiction for the superior court and this court where none exists.

Though a court with jurisdiction may correct an abstract of judgment at any time (*People v. Breceda* (2022) 76 Cal.App.5th

5

71, 100), we do not have jurisdiction to correct it in this appeal. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185 ["appellate courts . . . that have properly assumed jurisdiction of cases have ordered correction of abstracts of judgment that did not accurately reflect the oral judgments of sentencing courts"]; *People v. Gobert* (2023) 89 Cal.App.5th 676, 689 [same].)  Terrell's remedy is to file an appropriate writ or motion in the superior court to correct the abstract of judgment to add the (stayed) one-year enhancement under section 667.5, former subdivision (b), and to send a corrected abstract of judgment to the CDCR.  If the court grants relief, the CDCR will then be in a position to advise the superior court under section 1172.75, subdivision (b), Terrell is an individual serving a prison term that includes a no-longer-valid enhancement.

The appeal from the order denying Terrell's petition under section 1172.75 is dismissed.


SEGAL, Acting P. J.


We concur:


FEUER, J.


STONE, J.


6